**Exhibit 1**

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03633-S4
5/14/2021 4:42 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**COLIN HULL,**

CIVIL ACTION
NUMBER:_____ **21-C-03633-S4**

PLAINTIFF

VS.

**CARY LOWERY, FIRSTEXPRESS, INC.,**

**PROTECTIVE INSURANCE COMPANY and**

**ABC, INC.**

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Timothy J. Gardner, Esq.
3100 Cumberland Blvd., Suite 1470
Atlanta, Georgia 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**14TH**_____ day of _____**MAY**_____, 20**21**___.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Copy from re:SearchGA

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03633-S4**

**5/14/2021 4:42 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COLIN HULL,

      Plaintiff,

v.

CARY LOWERY, FIRSTEXPRESS, INC.,
PROTECTIVE INSURANCE COMPANY and
ABC, INC.

      Defendants.

CIVIL ACTION

FILE NO.:    **21-C-03633-S4**

## PLAINTIFF'S COMPLAINT

Plaintiff, COLIN HULL, files this Complaint against Defendants CARY LOWERY,

FIRSTEXPRESS, INC, PROTECTIVE INSURANCE COMPANY and ABC, INC. and states as

follows:

## PARTIES AND JURISDICTION

### 1.

Plaintiff Colin Hull resides in Winder, Georgia and is subject to the jurisdiction of this

Court.

### 2.

Defendant Cary Lowery resides at 1417 Society Hill Road, Darlington, SC 29540 and

may be served with a copy of the summons and complaint and through Georgia Non-Resident

Motorist Act at this address.

3.

Defendant FirstExpress, Inc. is a foreign profit corporation existing under the laws of Tennessee with its principal place of business at 1135 Freightline Drive, Nashville, TN 37210 and may be served with a copy of this Summons and Complaint through its registered agent, Dale C. Allen at 424 Church Street, Suite 2700, Nashville, TN 37219 and is subject to the jurisdiction of this court.

4.

Defendant Protective Insurance Company (hereinafter "Defendant Protective Insurance") is a foreign company that is the insurer of a motor carrier, Defendant First Express, Inc with its principal business address located at 111 Congressional Blvd. Suite 500, Carmel, IN 46032. Defendant Protective Insurance may be served with process through its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

5.

Defendant ABC, Inc. is an unknown entity that is the employer of Defendant Cary Lowery and also the lessor or owner of the vehicle operated by Defendant Cary Lowery in the subject incident and is subject to the jurisdiction and venue of this court.

6.

Defendant Protective Insurance is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-2-140 and/or O.C.G.A. § 40-1-112.

7.

Defendant Cary Lowery is subject to jurisdiction of this Court because he committed a tort in the State of Georgia.

- 2 -

8.

Defendants FirstExpress, Inc. and/or ABC, Inc. is subject to the jurisdiction of this Court because its agent and employee, Defendant Cary Lowery, committed a tort in the State of Georgia.

9.

Venue is proper with respect to non-resident motorist Defendant Cary Lowery because the cause of action arose in Gwinnett County pursuant to O.C.G.A. § 40-12-3.

10.

Venue is proper with respect to Defendant FirstExpress, Inc. because the cause of action arose in Gwinnett County pursuant to O.C.G.A. § 46-7-17(b).

11.

Venue is proper in this Court with respect to Defendant Protective Insurance as it conducts business as an insurance company in the State of Georgia. This insurer has a registered agent for service of process in Gwinnett County pursuant to O.C.G.A. § 33-4-1.

## **BACKGROUND**

12.

On November 5, 2019, Plaintiff Colin Hull was traveling on Pleasant Hill Road.

13.

On November 5, 2019, Defendant Cary Lowery was attempting to turn left on Pleasant Hill Road from Interstate 85 South exit ramp.

14.

While Plaintiff Colin Hull proceeded through the intersection at the direction of a green light, Defendant Cary Lowery struck Plaintiff Colin Hull's vehicle.

- 3 -

15.

Defendant FirstExpress Inc. and/or ABC, Inc. is a motor common carrier for hire transporting property.

16.

Defendant Protective Insurance provided liability insurance to Defendant FirstExpress Inc. and/or ABC, Inc. under policy number XA-1061-18 which provides coverage for the claims asserted against Defendants Cary Lowery, FirstExpress, Inc. and/or ABC, Inc.

17.

Defendant Protective Insurance is an insurance company providing the policy of insurance covering the commercial vehicle involved in this collision.

18.

Defendant Protective Insurance entered into a policy and contract of insurance with Defendant FirstExpress, Inc. and/or ABC, Inc. to provide liability coverage in the event of a motor vehicle collision involving Defendant FirstExpress, Inc. and/or ABC, Inc. and/or its employees and/or agents.

19.

As a result of the collision, Plaintiff Colin Hull suffered injuries and incurred the following medical expenses:

| | FACILITY | TREATMENT DATES | BILL AMOUNT |
|---|---|---|---|
| 1 | Gwinnett Medical Center | 11/5/0219 | $7,529.00 |
| 2 | Gwinnett Emergency Specialists | 11/5/0219 | $1,450.00 |
| 3 | North Metropolitan Radiology Associates | 11/05/2019 | $462.00 |
| 4 | Arrowhead Clinic | 11/05/2019, 11/20/2019, 11/21/2019, 11/22/2019, 11/25/2019, 11/26/2019, 11/27/2019, 11/29/2019, 12/02/2019, | $6,650.00 |

| | | 12/03/2019, 12/04/2019, 12/06/2019, 12/09/2019, 12/11/2019, 12/13/2019, 12/16/2019, 12/18/2019, 12/20/2019, 12/23/2019, 12/24/2019, 12/30/2019, 12/31/2019, 1/06/2020, and 1/07/2020 | |
|---|---|---|---|
| 5 | Georgia Spine and Orthopaedics | 11/06/2019, 11/13/2019, 12/11/2019, 1/08/2020, 1/14/2020, 2/03/2020, 2/17/2020, 3/04/2020, 3/31/2020, 4/14/2020, 8/13/2020, 9/14/2020, 9/17/2020, 10/01/2020, 11/05/2020, and 12/03/2020 | $60,167.65 |
| 6 | Atlanta Orthopedic Imaging | 12/27/2019 | $3,790.00 |
| 7 | Surgery Center of Roswell | 9/14/2020 | $35,421.64 |
| 8 | Barrow County EMS | 9/16/2020 | $867.50 |
| 9 | Northeast Georgia Medical Center | 9/16/2020 | $9,540.01 |
| 10 | Georgia Emergency Department Services PC | 9/16/2020 | $1,788.00 |
| 11 | Gainesville Radiology Group, PC | 9/16/2020 | $208.00 |
| 12 | Wellstar North Fulton Hospital | 9/17/2020 | $12,610.50 |
| 13 | North Fulton Emergency Physicians, LLC | 9/17/2020 | $1,400.00 |
| 14 | Quantum Radiology PC | 9/17/2020 | $550.00 |
| 15 | Physiotherapy Associates | 10/20/20, 10/22/20, 10/26/20, 10/28/20, 10/30/20, 11/02/20, 11/04/20, 11/10/20, 11/13/20, 11/17/20, and 11/19/20 | $4,629.00 |
| | **TOTAL** | | **$147,063.30** |

20.

As a direct and proximate result of the joint negligence of Defendants FirstExpress, Inc. and/or ABC, Inc and Cary Lowery, Plaintiff Colin Hull sustained injuries and damages to include but not limited to medical expenses, loss wages, and past and future pain and suffering.

## COUNT I
## NEGLIGENCE

21.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 20 above as if fully restated herein.

22.

Defendant Cary Lowery had a duty and obligation to exercise reasonable care in the operation of his vehicle prior to and at the time of the subject collision.

23.

Defendant Cary Lowery breached his duties and was negligent by making an improper turn at intersection which caused Defendant Cary Lowery to collide with Plaintiff's vehicle.

24.

Defendant Cary Lowery was negligent in failing to maintain a proper lookout for Plaintiff Colin Hull's vehicle.

25.

As a result of Defendant Cary Lowery's negligence, Plaintiff Colin Hull was injured, received medical treatment and incurred medical expenses.

26.

Plaintiff Colin Hull was not negligent and did not contribute to this collision.

## COUNT II
## VICARIOUS LIABILTY AND NEGLIENT ENTRUSTMENT
## (AGAINST DEFENDANTS FIRSTEXPRESS, INC. AND ABC, INC.)

### 27.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-26 of Plaintiff's Complaint as though fully stated herein.

### 28.

At the time of the subject collision, Defendant Cary Lowery was acting within the scope of his employment with Defendant FirstExpress, Inc. and/or ABC, Inc or with the permission of FirstExpress, Inc. and/or ABC, Inc.

### 29.

Defendants FirstExpress, Inc. and/or ABC, Inc. are responsible for Defendant Cary Lowery's actions under the doctrine of respondeat superior, agency or apparent agency.

### 30.

Defendants FirstExpress, Inc. and/or ABC, Inc. also owned or leased the vehicle that Defendant Cary Lowery was driving and negligently entrusted the vehicle to him.

### 31.

Defendants FirstExpress, Inc. and/or ABC, Inc. are liable for Plaintiff's injuries caused by its employee and/or operator of the vehicle which collided with Plaintiff's vehicle.

## COUNT III
## BAD FAITH AND STUBBORN LITIGIOUSNESS

### 32.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1-31 of Plaintiff's Complaint as though fully stated herein.

33.

There is no bona fide controversy as to liability, and as a result Defendants have been stubbornly litigious, have acted in bad faith, and have caused Plaintiff unnecessary expense under O.C.G.A. 13-6-11.

34.

Defendants' actions entitle Plaintiff to recover attorney's fees and expenses of litigation.

WHEREFORE, Plaintiff prays that he has a 12 Person trial on all issues and judgment against Defendant as follows:

(a)     That Plaintiff recovers the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff recovers such other and further relief as is just and proper;

Respectfully submitted this   14th   day of May, 2021.


**GARDNER TRIAL ATTORNEYS, LLC**


/s/ Timothy J. Gardner
**TIMOTHY J. GARDNER**
Georgia Bar Number: 115430
**HENRIETTA G. BROWN**
Georgia Bar Number: 253547
***Attorneys for Plaintiff***

3100 Cumberland Blvd., Suite 1470
Atlanta, Georgia 30339
(P):  770.693.8202
(F):  404.393.9838
tjg@gardnertrialattorneys.com
hgb@gardnertrialattorneys.com

- 8 -

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03633-S4**

**5/14/2021 4:42 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COLIN HULL,

                Plaintiff,

v.

CARY LOWERY, FIRSTEXPRESS, INC.,
PROTECTIVE INSURANCE COMPANY
and ABC, INC.

                Defendants.

CIVIL ACTION
FILE NO.:   **21-C-03633-S4**

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSION TO DEFENDANT CARY LOWERY

Plaintiff requests that Defendant **CARY LOWERY** answers Plaintiff's First Interrogatories to Defendant under oath and in accordance with the Georgia Civil Practice Act, within forty-five (45) days of service hereof:

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT

1.

Please state:

    a.      Your full name

    b.      birthdate,

    c.      social security number,

    d.      marital status and

    e.      the names and addresses of any relatives you have in the county in which the above-captioned action is pending.

2.

State your present and former residence addresses, including any apartment number, and the periods of time you lived at your previous five (5) years.

3.

State the name of every person who resided with you at your residence on the date of the subject collision and your relationship to them.

4.

As to each person who resided with you at your residence on the date of the subject collision, please provide the following information regarding each vehicle owned and/or driven by each of them:

a.  Make and model of each vehicle;

b.  Owner of each vehicle;

c.  Name and address of each insurance company providing liability coverage;

d.  Limits of liability coverage;

e.  Policy number; and

f.  Name of insured.

5.

Identify each of your employers for the past five years, the position and duties you held with each employer and the reason for your change of employment.

6.

Please state your educational background from high school to present, indicating as to each such educational institution, the dates you attended as well as the specific nature of any diplomas, certificates or degrees you received.

7.

If you have ever been convicted of a crime, state the date, place and charges of which you were convicted, the date thereof of any conviction, the court in which such charges were brought and the subsequent sentence arising out of each conviction.

8.

If within the twelve-hour (12) period preceding the subject collision you consumed any drug or alcoholic beverages, state the quantity consumed, the time it was consumed, and the place where it was consumed.

9.

Identify all persons who witnessed you consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding the subject collision.

10.

Did you have a valid driver's license at the time of the subject collision and does it remain valid? If so, were there any restrictions on said driver's license?

11.

If you have been involved in any other motor vehicle accidents, identify each accident by date, place and how said accident occurred and who was at fault in each accident.

12.

If you have been a party to any legal action (other than this action) please describe each such legal action, giving the date of each such legal action, the court in which it was brought, and the name of the other parties to each such legal action.

13.

Identify each insurance company, including excess carriers and umbrella coverage, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

    a.  Name and address of company;

    b.  Limits of liability coverage;

    c.  Policy number; and

    d.  Name of insured.

14.

Please state whether you have tendered the defense of this action to the insurance company listed in your response to the previous paragraph and, if so, whether the said defense has been accepted and whether you have made any claims under the policy as a result of this incident.  If you have made claims under the policy, as a result of this incident, please state the nature, extent of the amount of such claim; and whether those claims have been paid by said company and the amount of said payment.

15.

Identify all owners and lessors of the vehicle you were operating at the time of the subject collision.

16.

State the circumstances of which you were operating the subject vehicle at the time of the subject collision.

17.

How long had you operated this particular vehicle?

18.

When did you make the last inspection of the vehicle prior to the subjection collision?

19.

Were there any mechanical defects between your last inspection of the vehicle prior to the subject collision and the date of the collision? If so, state the mechanical defects.

20.

What was the extent of damage to the vehicle you were driving as a result of the subject collision, giving the cost of repair, who repaired vehicle and the time it took to repair vehicle?

21.

What are the names, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the subject collision complained of in this action?

22.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all persons known to you having knowledge of relevant information, facts or circumstances in this action?

23.

Identify all persons who have furnished statements regarding the subject collision, signed or unsigned to you, your representative or attorney and briefly state the contents of said statement.

24.

Identify each person who you expect to call as an expert witness at trial, state the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion.

25.

If you have retained an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

26.

State what you were doing during the six (6) hour period prior to the subject collision, where you were going at the time of the subject collision and what time you were due to arrive at your destination.

27.

State in detail your version of how the subject collision occurred including what you did to avoid the subject collision and whether at the first moment you saw Plaintiff's vehicle it was stopped or moving, and its direction of travel and speed if moving.

28.

If you received a citation of any sort as a result of the subject collision, state the nature of same, the disposition made and the court involved.

29.

Please identify all traffic citations received in the past ten (10) years and state the date, place and charges made in each citation and the disposition of each citation.

30.

Please provide the cellular telephone number, the name of the carrier, the name of the account of any cell phone owned or used by you on the date of the subject collision and state whether you were on the phone at the time of the subject collision.

31.

Were you hurt as a result of the subject collision? If so, describe your injuries and any treatment you received as a result of the said injuries.

32.

Please state whether Plaintiff was responsible or contributed in any way for the subject collision and state in detail how Plaintiff was responsible or contributed to the subject collision.

33.

Please identify the purpose of your trip at the time of the accident by detailing the following:

a) Your beginning and ending location of travel;

b) Your reason(s) for traveling at the time of the subject incident.

34.

At the time of the subject incident, did you have any medical impairments?  If so, name any and all medical impairments you had at the time of the subject incident.

35.

At the time of the subject incident, did you possess a valid medical examiner's certificate?

36.

At the time of the subject incident, did you possess an expired or invalid medical examiner's certificate?

37.

Have you received notice of any violations from the Federal Motor Carrier Safety Administration?

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all accident or incident reports concerning the subject collision, including any that were prepared by you or on your behalf.

2.

Please produce any and all damage appraisals and repair invoices of the vehicle driven by you in the subject collision.

3.

Please produce the title to the vehicle driven by you at the time of the subject collision or the lease papers or contracts if said vehicle was not owned by you.

4.

Please produce all equipment and maintenance records on the vehicle driven by you in the subject collision.

5.

Please produce any and all written or recorded statements made by any witness, or other person having relevant information or knowledge of any fact or circumstance in this action.

6.

Please produce all surveillance movies or photographs which have been made of Plaintiff in the subject collision.

7.

Please produce any reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by you in anticipation of litigation or preparation for trial in this case.

8.

Please produce any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance covering you or the automobile being driven by you at the time of the subject collision.

9.

Please produce all settlement agreements in which you have arrived at a settlement or agreement between you and any other person whether or not a party to this action, regarding the subject collision.

10.

Produce any documents used to respond to Plaintiff's First Interrogatories to you.

11.

Please produce any medical records, reports, invoices, statements, bills, diagnoses and documents referencing any complaint of any kind that sets forth any injuries or physical harm you sustained, received or incurred as a result of the subject collision.

12.

Please produce any medical records or reports that you may have for the Plaintiff whether before or after the subject collision.

13.

Please produce any photographs, drawings, sketches of the scene of the subject collision, any vehicle or other physical object involved in the subject collision or any person involved in the subject collision; and for each photograph drawing and sketch, identify the date made, by whom

it was made, the present name and location of the person having possession, custody or control of the photograph, drawing and sketch.

14.

Please produce the cell phone records for the date of the collision for any phone that you owned on the date of the collision.

15.

Please produce a copy of your driver's license.

16.

Please produce a copy of the traffic citations issued related to the collision, and the final disposition of same.

17.

Please produce any and all documents concerning, evidencing or relating to any and all violations from the Federal Motor Carrier Safety Administration.

## <u>REQUEST FOR ADMISSION</u>

1.

Admit that you were responsible for the subject collision.

2.

Admit that this Court has personal jurisdiction over you for the subject collision.

3.

Admit that Venue is proper in this Court for the subject collision.

4.

Admit that you were properly served with Summons and Complaint in this action.

5.

Admit that Plaintiff suffered injuries as a result of the subject collision.

6.

Admit that Plaintiff incurred medical expenses as a result of the subject collision.

7.

Admit that Plaintiff's injuries were proximately caused by the subject collision.

8.

Admit that Plaintiff's medical expenses were incurred as a result of the subject collision.

9.

Admit that Plaintiff was not negligent at all in causing the subject collision.

10.

Admit that you were an employee or agent of FirstExpress, Inc. and/or ABC, Inc. at the time of the incident described in the complaint.

11.

Admit that you were acting within the scope of your employment and/or agency with FirstExpress, Inc. and/or ABC, Inc. at the time of the incident described in the complaint.

12.

Admit that Plaintiff did not contribute to causing the subject collision.


Respectfully submitted this __14th__ day of May, 2021.

**GARDNER TRIAL ATTORNEYS, LLC**


/s/ Timothy J. Gardner _____
**TIMOTHY J. GARDNER**
Georgia Bar Number: 115430
**HENRIETTA G. BROWN**
Georgia Bar Number: 253547

*Attorneys for Plaintiff*

3100 Cumberland Blvd., Suite 1470
Atlanta, Georgia 30339
(P):  770.693.8202
(F):  404.393.9838
tjg@gardnertrialattorneys.com
hgb@gardnertrialattorneys.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03633-S4**
**5/14/2021 4:42 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COLIN HULL,

                    Plaintiff,

v.

CARY LOWERY, FIRSTEXPRESS, INC.,
PROTECTIVE INSURANCE COMPANY and
ABC, INC.

                    Defendants.

CIVIL ACTION

FILE NO.:   **21-C-03633-S4**

---

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSION TO FIRSTEXPRESS, INC.

TO:   Defendant, by and through counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the defendant above named for response within 45 days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

In answering the following interrogatories, the defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said defendant.

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Has any entity issued a policy of liability insurance to the defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

7.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

8.

Do you contend that the plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

9.

If you intend to call any expert or accident reconstructionist as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or accident reconstructonist and give a complete summary of the grounds for each opinion held.

10.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

3

13.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Please identify the employment relationship between Cary Lowery and FirstExpress, Inc. and/or ABC, Inc. on the date of this accident.

15.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any documents, contracts, agreements or other records evidencing or referencing the employment relationship between Cary Lowery and FirstExpress, Inc. and/or ABC, Inc. on the date of this accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* the complete personnel file of Cary Lowery. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* a copy of Cary Lowery's qualification file at the time of the subject occurrence, including but not limited to:  application for employment, copy of her CDL license,

4

driver's certification of prior motor vehicle accidents, driver's certification of prior violations of motor vehicle laws, driver's employment history, your inquiry into her driving record, drug testing records and any other documents.

18.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any business cards of Cary Lowery at the time of the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any employee manual, guidelines, handbooks or similar orientation material in effect at the time of the accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

Please identify any and all of your company's policies which concern, relate to or reference the process for determining whether a driver is allowed to drive your company's vehicles.

21.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any employee manual, guidelines, handbooks or similar orientation material in effect at the time of the accident which details your company's policy for determining the drivers of your company vehicles.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* the training records of Cary Lowery.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5

23.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any 1099, W-2 or other tax documents for Cary Lowery.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

If you contend that Cary Lowery was not acting within the scope of her agency or employment with FirstExpress, Inc. and/or ABC, Inc., please state the factual basis for your contention.

25.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any documents that support or dispute your contentions identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Please identify all owners and lessors of the vehicle driven by Defendant Cary Lowery in the subject incident.

27.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* the certificate of title, leasing contract or any other document identifying the owner or lessor of the vehicle driven by Defendant Cary Lowery in the subject incident.

28.

Please state the circumstances of which Defendant Cary Lowery was operating the subject vehicle at the time of the collision.

29.

How long had Defendant Cary Lowery operated this particular vehicle?

30.

How often did Defendant Cary Lowery operate this particular vehicle?

31.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* all driver logs or any other documents indicating the names of all persons operating the vehicle involved in the subject incident and the dates and times that any person operated this particular vehicle.

32.

Has Cary Lowery received any criticisms, reprimands, infractions, discharges, firings or other commentary conferring Cary Lowery's performance as an employee of FirstExpress, Inc. and/or ABC, Inc. before or after the subject incident?

33.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any documentation of any kind relating to Cary Lowery's performance as an employee or driver, to include criticisms, reprimands, infractions, discharges, firings or other commentary conferring Cary Lowery's performance as an employee of FirstExpress, Inc. and/or ABC, Inc. before or after the subject incident.

34.

When did you make the last inspection of the vehicle prior to the subject collision?

35.

Were there any mechanical defects between your last inspection of the vehicle prior to the subject collision and the date of the collision?  If so, state the mechanical defects.

36.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* all reports or any other documents relating to all inspections,

7

maintenance and repair records of the vehicle for the last 8 years if you contend that the vehicle driven by Cary Lowery in the subject collision had a mechanical defect at the time of the accident.

37.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* the complete Investigative Report and Post Accident Inspection Records pertaining to this automobile accident and any vehicle involved in this automobile accident.

38.

Please identify all automobile accidents and moving violations for Cary Lowery prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, jurisdiction and description of the event.

39.

Please identify all accidents, wrecks, collisions, incidents or moving violations received by any of your employees while driving any of your or your company's vehicles for the last 5 years.

40.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* a copy of all claim forms, accident reports, incident reports or other documentation by any other name evidencing any other collisions, wrecks, incidents or moving violations received by any of your employees while driving any of your or your company's vehicles for the last 5 years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* a copy of any inspection reports, logs, citations, insurance filings, disciplinary actions, licenses, authorities, correspondence, safety records, accident register or any other documents concerning, referencing or relating to FirstExpress, Inc. and/or ABC, Inc.

42.

Has this Defendant received notice of any violations of this defendant by the Federal Motor Carrier Safety Administration for the last five (5) years?

43.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any and all documents concerning, evidencing or relating to any violations of this defendant from the Federal Motor Carrier Safety Administration for the last five (5) years?

44.

Has this defendant settled or litigated any claims as a result of the subject collision?

45.

Forty-five days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Gardner Trial Attorneys at 3100 Cumberland Boulevard, Suite 1470, Atlanta, Georgia, 30339,* any and all documents concerning, evidencing or relating to any settlements, lawsuits and/or litigation resulting from the subject collision.

46.

Please identify the person giving these answers on behalf of FirstExpress, Inc. including name, business address and the office (title and position) the person holds in FirstExpress, Inc.

## **REQUEST FOR ADMISSION**

1.

Admit that Cary Lowery was responsible for the subject incident.

2.

Admit that this Court has personal jurisdiction over you for the subject incident.

9

3.

Admit that Venue is proper in this Court for the subject incident.

4.

Admit that you were properly served with Summons and Complaint in this action.

5.

Admit that Plaintiff suffered injuries as a result of the subject incident.

6.

Admit that Plaintiff incurred medical expenses as a result of the subject incident.

7.

Admit that Plaintiff's injuries were proximately caused by the subject incident.

8.

Admit that Plaintiff's medical expenses were incurred as a result of the subject incident.

9.

Admit that Plaintiff was not negligent at all in causing the subject incident.

10.

Admit that Plaintiff did not contribute to causing the subject incident.

11.

Admit that Cary Lowery was an employee or agent of FirstExpress, Inc. at the time of the incident described in the complaint.

12.

Admit that Cary Lowery was acting within the scope of her employment and/or agency with FirstExpress, Inc. at the time of the incident described in the complaint.

10

13.

Admit that FirstExpress, Inc. is responsible for the actions of Cary Lowery at all times relevant to this litigation.


Respectfully submitted this 14th day of May, 2021.


                                        **GARDNER TRIAL ATTORNEYS, LLC**


                                        /s/ Timothy J. Gardner
                                        **TIMOTHY J. GARDNER**
                                        Georgia Bar Number: 115430
                                        **HENRIETTA G. BROWN**
                                        Georgia Bar Number: 253547

                                        ***Attorneys for Plaintiff***

3100 Cumberland Blvd., Suite 1470
Atlanta, Georgia 30339
(P):  770.693.8202
(F):  404.393.9838
tjg@gardnertrialattorneys.com
hgb@gardnertrialattorneys.com

11

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03633-S4**

**5/24/2021 2:59 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COLIN HULL,

      Plaintiff,

v.

CARY LOWERY, FIRSTEXPRESS, INC.,
PROTECTIVE INSURANCE COMPANY and
ABC, INC.

      Defendants.

CIVIL ACTION

FILE NO.:21-C-03633-S4

## ACKNOWLEDGMENT OF SERVICE

COMES NOW, Rocklan W. King III, Esq., as authorized agent/general counsel for Defendants Cary Lowery and FirstExpress, Inc. and hereby acknowledges service and receipt of Plaintiff's Complaint, Summons and Plaintiff's First Interrogatories, Request for Production of Documents and Requests for Admission to Defendants Cary Lowery and FirstExpress, Inc. in the above-captioned action and waives further service and issuance of process of the same. Further, Defendants Cary Lowery and FirstExpress, Inc. waive any and all defenses regarding insufficient process and insufficient service of process.

This the 24th day of May, 2021.

Respectfully Submitted,

**ADAMS AND RESSE LLP**

/s/ Rocklan W. King III
**ROCKLAN W. KING III**
TN Bar No. 30643
*(Signed by Henrietta G. Brown with Express Permission)*

***Authorized Agent/ General Counsel for Defendants Cary Lowery and FirstExpress, Inc.***

Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
(P): 615-259-1450
(F): 615-259-1470
rocky.king@arlaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COLIN HULL,

               Plaintiff,

v.

CARY LOWERY, FIRSTEXPRESS, INC.,
PROTECTIVE INSURANCE COMPANY and
ABC, INC.

               Defendants.

CIVIL ACTION

FILE NO.: 21-C-03633-S4

### <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that I have this day served opposing counsel, with the foregoing

**ACKNOWLEDGMENT OF SERVICE** on all parties electronically through Odyssey eFileGA

e-filing system as follows:

Timothy J. Gardner, Esq.
Henrietta Brown, Esq.
Gardner Trial Attorneys, LLC
3100 Cumberland Blvd., Suite 1470
Atlanta, GA 30339
tjg@gardnertrialattorneys.com
hgb@gardnertrialattorneys.com

This the <u>24</u><sup>th</sup> day of May, 2021.

Respectfully Submitted,

**ADAMS AND RESSE LLP**

/s/ Rocklan W. King III
**ROCKLAN W. KING III**
TN Bar No. 30643
*(Signed by Henrietta G. Brown with Express Permission)*

***Authorized Agent/ General Counsel for Defendants Cary Lowery and FirstExpress, Inc.***

Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
(P): 615-259-1450
(F): 615-259-1470
rocky.king@arlaw.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03633-S4**

**6/15/2021 1:56 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COLIN HULL,                                    )
                                               )
        Plaintiff,                             )        CIVIL ACTION
                                               )        FILE NO. 21-C-03633-S4
v.                                             )
                                               )
CARY LOWERY, FIRSTEXPRESS, INC.,               )
PROTECTIVE INSURANCE COMPANY and               )
ABC, INC.                                      )
                                               )
        Defendants.                            )

### DEFENDANTS CARY LOWERY AND FIRSTEXPRESS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Cary Lowery ("Defendant Lowery") and FirstExpress, Inc.

("Defendant FirstExpress") (hereinafter referred to collectively as "Defendants"), by and through

the undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's

Complaint (the "Complaint"), stating as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

No act, omission, and/or action on the part of Defendants proximately caused the injuries

and damages about which Plaintiff complains.

### THIRD AFFIRMATIVE DEFENSE

If Defendants were negligent, and Defendants deny that they were negligent, nevertheless,

the negligence of Plaintiff was equal to or greater than any alleged negligence on the part of

Defendants, with the result that Plaintiff is not entitled to recover against Defendants in this cause.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise ordinary care for his own safety and protection and such failure was the sole proximate cause of his injuries and damages, if any, with the result that Plaintiff is not entitled to recover in this cause.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was guilty of negligence that proximately caused his damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

The sole proximate cause of the alleged damages to Plaintiff was the negligence of Plaintiff and the negligence of a person or persons, firm or firms, corporation or corporations for whose acts or omissions Defendants were not and are in no way liable for, with the result that Plaintiff is not entitled to recover in this cause against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

If Defendants were negligent, and Defendants deny that they were negligent, nevertheless, Plaintiff in the exercise of ordinary care could have avoided the consequences to himself of any alleged negligence on the part of Defendants, with the result that Plaintiff is not entitled to recover in this cause against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

If there was any actionable liability on the part of Defendants, which Defendants specifically deny, then, pursuant to O.C.G.A. §§ 51-12-31 and 33, such liability should be compared to the fault of Plaintiff and other parties and/or non-parties to this action as more specifically set forth in those code sections.

## NINTH AFFIRMATIVE DEFENSE

In the further alternative, and only in the event that it is determined that Plaintiff is entitled

to recover against Defendants, recovery should be reduced in proportion to the degree or percentage of fault attributed to the parties, including Plaintiff, and/or non-parties involved in this lawsuit, including any non-party who might be immune to litigation.

### TENTH AFFIRMATIVE DEFENSE

Defendants did not breach any duty of any kind to Plaintiff, with the result that Plaintiff is not entitled to recover against Defendants in this case.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon any additional affirmative defenses under state or federal law that may become available during the course of the investigation and/or discovery, and Defendants reserve their right to amend this Answer to assert those defenses.

### ANSWER

### PARTIES AND JURISDICTION

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, deny same.

2.

Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.

Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.

Defendants deny the allegations contained in Paragraph 4 of the Complaint to the extent they refer to Defendant Protective Insurance Company ("Defendant Protective") as "the insurer" of Defendant FirstExpress.  Defendant Protective is the excess insurer of Defendant FirstExpress

and is therefore an improper party to this lawsuit.  Defendants admit the remaining allegations contained in Paragraph 4 of the Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.

Defendants admit that Defendant FirstExpress employed Defendant Lowery at the time of the subject accident, and that Defendant FirstExpress is subject to the jurisdiction of this Court. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.

Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants admit that venue is proper with respect to Defendant FirstExpress.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint as stated.

11.

Defendants deny the allegations contained in Paragraph 11 of the Complaint.  Defendant Protective is the excess insurer of Defendant FirstExpress and is an improper party to this lawsuit.

## BACKGROUND

12.

Upon information and belief, Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of the Complaint as stated.  By way of further response, Defendant Lowery was lawfully completing his turn from the Interstate 85 South exit ramp onto Pleasant Hill Road.

14.

Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants admit that Defendant FirstExpress is a motor common carrier for hire transporting property.  Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint as stated. Defendant Protective is the excess insurer of Defendant FirstExpress and is an improper party to this lawsuit.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint as stated. Defendant Protective is the excess insurer of Defendant FirstExpress and is an improper party to this lawsuit.

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint as stated. Defendant Protective is the excess insurer of Defendant FirstExpress and is an improper party to this lawsuit.

19.

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

## COUNT I
## NEGLIGENCE

21.

Defendants adopt and incorporate their responses to Paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22.

Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## COUNT II
## VICARIOUS LIABILITY AND NEGLIGENT ENTRUSTMENT
### (AGAINST DEFENDANTS FIRSTEXPRESS, INC. AND ABC, INC.)

27.

Defendants adopt and incorporate their responses to Paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28.

Defendants admit that, at the time of the subject collision, Defendant Lowery was acting within the scope of his employment with Defendant FirstExpress. Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint as stated.

29.

Paragraph 29 of the Complaint contains conclusory statements and/or legal conclusions to which no answer is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants admit that Defendant FirstExpress owned the vehicle driven by Defendant Lowery at the time of the subject accident. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of the Complaint.

## COUNT III
## BAD FAITH AND STUBBORN LITIGIOUSNESS

32.

Defendants adopt and incorporate their responses to Paragraphs 1 through 31 of the Complaint as if set forth fully herein.

33.

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.

Defendants deny the allegations in the Complaint not specifically addressed, admitted, or denied herein, and Defendants further deny that Plaintiff is entitled to any relief from Defendants under any theory, at law or in equity.

**WHEREFORE**, having fully answered, Defendants pray that:

(a)     Plaintiff's Complaint be denied and dismissed;

(b)     Defendants have a trial by jury of twelve;

(c)     the Court enter judgment against Plaintiff;

(d)     all costs of this action be taxed against Plaintiff; and

(e)     for such other and further relief as may be just and proper.

This 15th day of June, 2021.

                              **ADAMS AND REESE LLP**


                              By: */s/ Brian F. Hansen*
                                   Brian F. Hansen, Esq.
                                   Georgia Bar No. 323785
                                   Clayton O. Knowles, Esq.
                                   Georgia Bar No. 819926

3424 Peachtree Road, NE                **COUNSEL FOR DEFENDANTS**
Monarch Tower, Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 P / (404) 500-5975 F
Brian.Hansen@arlaw.com
Clay.Knowles@arlaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

COLIN HULL,                                    )
                                               )
    Plaintiff,                            )       CIVIL ACTION
                                               )       FILE NO. 21-C-03633-S4
v.                                             )
                                               )
CARY LOWERY, FIRSTEXPRESS, INC.,               )
PROTECTIVE INSURANCE COMPANY and               )
ABC, INC.                                      )
                                               )
    Defendants.                           )

### CERTIFICATE OF SERVICE

    I hereby certify that on June 15, 2021, I served a copy of the foregoing ***DEFENDANTS CARY LOWERY AND FIRSTEXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT*** upon all parties to this matter via email and the Odyssey E-File & Serve System, which will automatically send an electronic copy of same to all counsel of record as follows:

Timothy J. Gardner
Henrietta G. Brown
3100 Cumberland Blvd., Suite 1470
Atlanta, GA 30339
tjg@gardnertrialattorneys.com
hgb@gardnertrialattorneys.com
*Counsel for Plaintiff*

[SIGNATURE ON FOLLOWING PAGE]

**ADAMS AND REESE LLP**

By: */s/ Brian F. Hansen*
　　Brian F. Hansen, Esq.
　　Georgia Bar No. 323785
　　Clayton O. Knowles, Esq.
　　Georgia Bar No. 819926

3424 Peachtree Road, NE
Monarch Tower, Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 P / (404) 500-5975 F
Brian.Hansen@arlaw.com
Clay.Knowles@arlaw.com

**COUNSEL FOR DEFENDANTS**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| COLIN HULL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 21-C-03633-S4 |
| v. | ) | |
| | ) | |
| CARY LOWERY, FIRSTEXPRESS, INC., | ) | |
| PROTECTIVE INSURANCE COMPANY and | ) | |
| ABC, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING REMOVAL

COME NOW Defendants Cary Lowery and FirstExpress, Inc. ("Defendants"), by and through the undersigned counsel, and hereby notify this Court that Defendants have filed a Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. A copy of the Notice of Removal is attached hereto as Exhibit A.

This 15th day of June, 2021.

ADAMS AND REESE LLP

By: *Brian F. Hansen*
Brian F. Hansen, Esq.
Georgia Bar No. 323785
Clayton O. Knowles, Esq.
Georgia Bar No. 819926
*Counsel for Defendants*
*Cary Lowery & FirstExpress, Inc.*

3424 Peachtree Road, NE
Monarch Tower, Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 P / (404) 500-5975 F
Brian.Hansen@arlaw.com
Clay.Knowles@arlaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| COLIN HULL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 21-C-03633-S4 |
| v. | ) | |
| | ) | |
| CARY LOWERY, FIRSTEXPRESS, INC., | ) | |
| PROTECTIVE INSURANCE COMPANY and | ) | |
| ABC, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I served a copy of the foregoing **NOTICE OF FILING REMOVAL** upon all parties to this matter via email and the Odyssey E-File & Serve System, which will automatically send an electronic copy of same to all counsel of record as follows:

Timothy J. Gardner
Henrietta G. Brown
3100 Cumberland Blvd., Suite 1470
Atlanta, GA 30339
tjg@gardnertrialattorneys.com
hgb@gardnertrialattorneys.com
*Counsel for Plaintiff*

(signature to follow)

This 15th day of June, 2021.

ADAMS AND REESE LLP


By: */s/ Brian F. Hansen*
    Brian F. Hansen, Esq.
    Georgia Bar No. 323785
    Clayton O. Knowles, Esq.
    Georgia Bar No. 819926

3424 Peachtree Road, NE
Monarch Tower, Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 P / (404) 500-5975 F
Brian.Hansen@arlaw.com
Clay.Knowles@arlaw.com

**COUNSEL FOR DEFENDANTS**

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| COLIN HULL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CARY LOWERY, | ) | |
| FIRSTEXPRESS, INC., PROTECTIVE | ) | *(On removal from the State* |
| INSURANCE COMPANY and | ) | *Court of Gwinnett County,* |
| ABC, INC.,  | ) | *CAFN: 21-C-03633-S4)* |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

COME NOW Defendants CARY LOWERY ("Defendant Lowery") and FIRSTEXPRESS, INC. ("Defendant FirstExpress") (hereinafter referred to collectively as "Defendants"), by and through the undersigned counsel, and, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, hereby file and serve this Notice of Removal of Civil Action on the grounds of diversity jurisdiction. Defendants respectfully show this Court as follows:

1.     On May 14, 2021, Plaintiff commenced an action against Defendants in the State Court of Gwinnett County, Georgia, bearing Civil Action File No. 21-C-03633-S4.   A copy of the filings from the State Court of Gwinnett County, Georgia are attached hereto as collective Exhibit 1.

- 1 -

2.      Process was served on Defendants on May 17, 2021. This Notice of Removal of Civil Action is timely filed within thirty (30) days. *See* 28 U.S.C. § 1446(b).

3.      Removal is appropriate here as Plaintiff alleges he is a citizen of Georgia, residing in Winder, Georgia.  *See* Compl., ¶ 1.  Comparatively, Defendant Lowery is a citizen of South Carolina and resides in Darlington, South Carolina. *See* Compl., ¶ 2. Defendant FirstExpress is incorporated in Tennessee with a principal place of business in Nashville, Tennessee.  *See* Compl., ¶ 3.  Defendant Protective Insurance Company is incorporated in Indiana with a principal place of business in Carmel, Indiana.  *See* Compl., ¶ 4.  As such, complete diversity exists among the parties.  Moreover, Defendant Lowery and Defendant FirstExpress consent to removal.

4.      Further, the amount in controversy exceeds $75,000. The Complaint alleges that as a result of the subject motor vehicle accident, Plaintiff suffered medical expenses in the amount of $147,063.30.  *See* Compl., ¶ 19. Therefore, Plaintiff is seeking to recover "the full value of past and future medical expenses and past and future lost wages," in addition to damages for mental and physical pain and suffering.  *See* Compl., p. 8.  Consequently, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     Under 28 U.S.C. § 1441(b), actions over which the District Courts of the United States have original jurisdiction are removable, and this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a)(1).  This action is removable to this Court because this is a civil action, the Plaintiff and all defendants are citizens of different states within the meaning of 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000, exclusive of interest or costs.

6.     This Notice of Removal is filed with the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division, within thirty days of the date of service as computed by Fed. R. Civ. P. 6(a). Accordingly, the time that Defendants have to answer or otherwise respond to the above-styled Complaint has not yet expired and this Removal is timely filed.

7.     A copy of this Notice of Removal of Civil Action is contemporaneously filed with the Clerk of the State Court of Gwinnett County, Georgia, giving due notice to the State Court. Further, a copy of this Notice of Removal of Civil Action and the exhibit hereto will be served on the Plaintiff by and through counsel.

8.     The exhibits hereto include the only documents filed in this cause.  To date, there have been no proceedings held in the State Court of Gwinnett County, Georgia.

9.     Based on the foregoing, this Court has jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and removal of this action is proper pursuant to 28 U.S.C. § 1441(b) under the procedure set forth in 28 U.S.C. § 1446.

10.     In filing this Notice of Removal of Civil Action, Defendants reserve all rights and defenses available to them.

WHEREFORE, Defendants hereby serve Notice that the above-captioned action pending against them in the State Court of Gwinnett County, Georgia, has been removed therefrom to this Court.

Respectfully submitted this 15th day of June, 2021.

**ADAMS AND REESE LLP**

By: _/s/ Brian F. Hansen_
    Brian F. Hansen, Esq.
    Georgia Bar No. 323785
    Clayton O. Knowles, Esq.
    Georgia Bar No. 819926

3424 Peachtree Road, NE                    **COUNSEL FOR DEFENDANTS**
Monarch Tower, Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 P / (404) 500-5975 F
Brian.Hansen@arlaw.com
Clay.Knowles@arlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2021, I electronically filed the foregoing *NOTICE OF REMOVAL OF CIVIL ACTION* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Timothy J. Gardner
> Henrietta G. Brown
> 3100 Cumberland Blvd., Suite 1470
> Atlanta, GA 30339
> tjg@gardnertrialattorneys.com
> hgb@gardnertrialattorneys.com
> *Counsel for Plaintiff*

**ADAMS AND REESE LLP**

By: */s/ Brian F. Hansen*
    Brian F. Hansen, Esq.
    Georgia Bar No. 323785
    Clayton O. Knowles, Esq.
    Georgia Bar No. 819926

3424 Peachtree Road, NE
Monarch Tower, Suite 1600     **COUNSEL FOR DEFENDANTS**
Atlanta, Georgia 30326
(470) 427-3700 P / (404) 500-5975 F
Brian.Hansen@arlaw.com
Clay.Knowles@arlaw.com